UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

**FILED**

MAR 0 5 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | SA-11-CR-313-OLG |
| | § | |
| ROBERT RICHARD RHODES | § | |

## AGREED ORDER REVOKING SUPERVISED RELEASE

On this day came on to be considered the January 10, 2013, petition to revoke the Defendant's supervised release (Doc. 41), as augmented herein. The parties and probation office, whose signatures appear below, have proposed a resolution of this matter, with which the Court concurs, supported by the following findings.

### A. History

1. *Background through probation revocation.* On October, 2011, the Court sentenced the Defendant. The Defendant served a 12 month sentence, and began supervised release on March 30, 2012. On or about April 2, 2012, Defendant's conditions of supervised release were modified recommending placement at the Austin Transitional Center RRC for 180 days. Defendant did not have any family or financial support. On or about October 1, 2012, Defendant's conditions of supervised release were again modified to recommend placement at Austin Transitional Center for 180 days due to the Defendant no having any family or financial support. On or about October 30, 2012, Defendant admitted to use of K2 (synthetic marijuana) and drinking a shot of vodka with another resident at the Austin Transitional Center RRC. The United States Probation Office recommended no action and the Court agreed. On or about December 27, 2012, Defendant was in possession of a phone with internet service and a camera with video, which is not authorized by

Austin Transitional RRC.  Upon review of Defendant's phone there were images of minors and several pornographic sites.

2. *Violations of supervised release*.  The Court notes that the Defendant acknowledges and admits to the allegations in the petition filed on January 10, 2013.

3. *Defendant's acknowledgments*.  The Defendant acknowledges that (1) upon revocation of his supervised release, the Court could assess imprisonment up to a statutory maximum of 2 years, consecutive to any other sentence already imposed upon him, plus reimposed supervised release and payment of any unsatisfied monetary sanction previously imposed; (2) the parties project his nonbinding revocation policy-statement imprisonment range to be 3–9 months; (3) at a hearing where he may contest and present evidence, the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (4) he admits committing misconduct summarized above and in the revocation petition; and (5) the United States could prove such misconduct by a preponderance of the evidence.

4. *Defendant's waiver of rights*.  Through their signatures below, the Defendant and his attorney specifically assert, and the Court finds, that the Defendant–having read and understood this Order and the revocation petition, having thoroughly discussed them with his attorney, and having agreed to the terms of this Order–voluntarily, knowingly, and intelligently; (1) waives his rights under the CONSTITUTION, FED. R. CRIM. P. 32.1(b)(2), and 43, 18 U.S.C. § 3583(e)(3), and/or otherwise to be present and participating with his lawyer at a proceeding at which the Defendant's supervised release is revoked and he is resentenced, as accomplished by this Order; (2) waives his rights through any means to appeal, challenge, modify, or seek any reduction in revocation punishment assessed by, this Order (unless the Defendant proves prejudice from errors of constitutional magnitude involving ineffective assistance of his counsel or prosecutorial

misconduct); and (3) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or his counsel.

B. Order

In view of the foregoing, based on the Defendant's admitted violations of his supervised release, for which there is an adequate factual basis as summarized above in the revocation petition, the Court finds, determines, and orders that:

1.   The Defendant's supervised release is revoked pursuant to 18 U.S.C. § 3583(e)(3).

2.   The Defendant is remanded to the custody of the United States Bureau of Prison (BOP) for Eighteen (18) months of imprisonment in a jail-type facility and not a halfway house or like facility; without credit for time spent on post-release supervision; and consecutive to any other sentence or revocation, state or federal, already imposed upon the Defendant at the time this Order is filed.  No further supervised release is to follow in this case.

3.   The Defendant having been incarcerated from January 11, 2013, to the present is granted credit for the time awaiting disposition in this case.

4.   The Court recommends that the Defendant be designated as close to Tulsa, Oklahoma as possible.

5.   Any monetary sanctions imposed in this case that remain unpaid are reimposed, and such sanctions shall be due and payable immediately.

SO ORDERED on this the __5__ day of February, 2013.

_____
ORLANDO L. GARCIA
United States District Judge

**UNDERSTOOD AND AGREED TO IN EVERY RESPECT:**

_____     2/22/13
ROBERT RICHARD RHODES                Date
Defendant


_____     2/26/13
KURT G. MAY                          Date
Assistant Federal Public Defender
Counsel for Defendant


_____     2/26/13
MATT MOORING                         Date
United States Probation Officer

_____     2-26-13
FRANCISCO A. PERALTA                 Date
Supervising United States Probation Officer


_____     3-1-2013
TRACY THOMPSON                       Date
Assistant United States Attorney
Counsel for Plaintiff